## LUNDGREEN v. LUNDGREEN.

No. 7009. Decided September 23, 1947. (184 P. 2d 670.)

See 27 C. J. S. Divorce, Sec. 295. Right to continuance because counsel is in another court, see note, 112 A. L. R. 593. See, also, 12 Am. Jur. 450.

*Moyle, McKay, Burton & White,* of Salt Lake City, for appellant.

*C. Vernon Langlois,* of Salt Lake City, for respondent.

McDONOUGH, Chief Justice.

Plaintiff sued his wife for divorce. She counter-claimed for divorce. Both charged mental cruelty. Each of the parties is past 70 years of age. They were married in July 1941. It appears that the parties married as an economic convenience, since both were drawing old age assistance. Plaintiff agreed to purchase a home, and defendant agreed to furnish it. There is some evidence that upon marriage they pooled their old age subsistance income from the state, and managed fairly well. About 8 months later, they moved out of the apartment defendant had rented prior to the marriage, into a home which needed considerable remodeling to make livable. There was some dispute as to whether plaintiff furnished all the funds for the purchase of the home. They took title in joint tenancy, and the defendant helped in remodeling it. The testimony of plaintiff indicates that by pooling the checks from the state, they were able to

save a portion of their subsistence income, which doubtless went into the purchase or at least the remodeling of the house.

Both parties had been married previously. Plaintiff was in ill-health at the time of marriage. The evidence discloses that he was irritable. It is not altogether clear whether defendant said things with a sharp tongue to willfully annoy him, or whether his mental and physical condition were such that she could not please him. There is some testimony that after he was in the hospital for surgical treatment the attending physician told him that his mental condition was worse than his physical ailments. He complained a great deal. One of his complaints against defendant was that while he was in bed recovering from the operation, defendant did not stay with him constantly, and that some of her friends visited too long and delayed the getting of hot packs for him; and that while he was still confined to the house, defendant made a trip to Pocatello, Idaho, to visit a daughter whom defendant said she thought more of than she did of him.

After some period of time, plaintiff proposed that the parties agree to a divorce, and that they sell all of the property and divide it equally. Defendant refused to entertain a divorce at that time. Both parties apparently irritated each other, and both accused each other of being sarcastic and inconsiderate. Apparently, in settling accounts, the parties treated their allotments from the state as earned income, and checked items as if they were total strangers. The only property involved is a very modest home and some furniture and furnishings.

The court granted plaintiff judgment for divorce, awarded him the home, title to which is in joint tenancy, and the articles of furniture which he had purchased since the marriage; and awarded to defendant the household furniture and furnishings which she had at the time of marriage and those articles which she acquired since the marriage. The parties were each required to pay their own costs and counsel fees.

Appellant, defendant below, assigns as error: (1) Refusal of the trial court to grant a continuance. (2) Insufficiency of the complaint and of the evidence to support a judgment of divorce in favor of plaintiff. (3) Inequitable division of the property.

The attorney who represented the defendant was a member of a law firm. At the time the case was called for trial, he announced that he was engaged in the trial of another case and could not proceed to trial at that time. The court asked if another member of the firm might be available, and it was ascertained that he could be available at 2:00 p. m. Counsel for defendant objected to going to trial at that time on the ground that other members of the firm were wholly unfamiliar with the case, and that it would be impossible to become familiar with the case in such a brief time, from a client who spoke only broken English. His objection was overruled, and another member of the firm appeared at 2:00 p. m. We find from reading the record that defendant was ably represented.

No prejudice can arise by denial of a continuance when the moving party is well represented and has ample opportunity to present his case. See *State* v. *Green*, 89 Utah 437, 57 P. 2d 750. The record fails to show that defendant was unable to obtain witnesses or the necessary evidence for her defense and for prosecution of her counter-claim. There was no abuse of discretion in denying the continuance.

The complaint is barely sufficient to state a cause of action. While appellant claims the evidence is insufficient to support a decree in favor of plaintiff, she does not seriously contend that no divorce should have been granted. Rather, she asserts that she should have been awarded the divorce under the facts of this case. If these parties were younger, we might hesitate to sustain the decree. However, in this case both parties are over 70. They are rapidly approaching the time when they will be solely dependent physically as well as financially. Acts and remarks which would usually not irritate people much younger, have annoyed these people because of ill-health and

difficulties in hearing. Their inability to adjust, their lack of cooperation, their old-age and utter financial dependency, have tended to magnify the irritation over the conduct of each other.

Under the peculiar circumstances of this case, the trial court was warranted in decreeing a divorce, since it would be incompatible with the well-being of society in view of their mutual dependency, to compel them to live together or to continue the restraints which cause the irritation. While a wife is ordinarily granted a divorce on less provocation than a husband, *Doe* v. *Doe,* 48 Utah 200, 158 P. 781, there are circumstances which may have appeared to the trial judge who was able to see the witnesses and the demeanor of the parties in court, to present a stronger case for the husband.

The chief complaint here relates to an alleged unequal division of the property, which appellant contends was grossly inequitable in this case. The plaintiff testified that he paid the original purchase price, but the testimony of defendant shows that some of her funds were used for remodeling the house, and that she did considerable work to aid in the improvement of the property to make the house livable. She did the housekeeping over a period of four years. This evidence is not disputed. While plaintiff complained because she was absent a great deal, the situation created by plaintiff was not conducive to constant companionship in the home.

The record indicates that the house was purchased in 1943 for $395 by funds accumulated by plaintiff, and that improvements were made which enhanced the value. The record is silent as to market value of the property as of the date of trial, and also as to the value of the personal property. We think that a more equitable division of the property than that made below is suggested by the record, whereby defendant would receive the benefit of the value which she contributed to the realty. The value of the real estate should therefore be determined, and defendant should be awarded one-half the market value in excess of the original

purchase price; and plaintiff should be permitted either to pay defendant one-half of such enhanced value and retain the property, or the property should be sold under court order, and after reimbursing plaintiff for the amount of the original purchase price which he testified that he paid, the balance, after deducting the costs of sale, should be divided equally.

The cause is remanded to the district court with directions to modify the decree with respect to the real estate, to provide for a division as herein above specified. Each party shall bear his or her own costs on this appeal.

PRATT, WOLFE, WADE, and LATIMER, JJ., concur.