883 P.2d 1278

**Andrew K. BRASHEAR and Barbara Brashear, Plaintiffs–Respondents,**

v.

**Baker PACKERS, Defendant–Petitioner,**

No. 20928.

Supreme Court of New Mexico.

Sept. 30, 1994.

Rehearing Denied Oct. 26, 1994.

Rodey, Dickason, Sloan, Akin & Robb, P.A., James C. Ritchie, Andrew G. Schultz, Charles K. Purcell, Albuquerque, for petitioner.

Law Offices of John R. Westerman, Chartered, John R. Westerman, Farmington, for respondents.

## OPINION

RANSOM, Justice.

Baker Packers ("Baker"), a division of Baker Oil Tool, Inc., appealed to the Court of Appeals from a judgment in favor of Andrew and Barbara Brashear in which a jury awarded the Brashears $125,000 in punitive damages. In an unpublished opinion, the Court of Appeals affirmed the award, holding that substantial evidence supported the jury's determination. In so holding, the Court rejected an argument by Baker that the evidence did not support a finding that a supervisor had the authority to bind Baker to the tortious acts of the employees of Baker. The Court concluded that Baker did not preserve error because it raised the argument for the first time in its reply brief. Believing that decision to be in conflict with a rule of this Court, we issued a writ of certiorari to review whether it was proper for Baker to address in its reply brief an argument that was not raised in its brief in chief but was raised in the Brashears' answer brief. We believe that it was proper for Baker to reply to an argument raised in the answer brief and we therefore reverse the Court of Appeals and remand to that Court for resolution of the substantial-evidence issue.

*Facts.* Baker provided tools and equipment for use at a natural gas well located in San Juan County, New Mexico, and owned by Southland Royalty Company. Baker provided stripper rubber, a safety device used to prevent the escape of natural gas from a well, and liner hangers, a device used to seal off portions of the well. In some circumstances, liner hangers can be inserted through the stripper rubber, but in many cases the stripper rubber is removed before the liner hanger is inserted. The tools were manufactured by Baker and Baker employees were instructed to use only Baker-manufactured tools, even if a competitor's tools were better suited for the job.

Baker employed Charles Hendricks as a tool runner at this well. As the tool runner, Hendricks was responsible for running tools down the well hole, including liner hangers.

Hendricks experienced trouble running the liner hangers though the stripper rubber because as the liner hangers went through the stripper rubber they loosened it and caused it to fall into the well. Hendricks previously had lost three stripper rubbers "down hole" and wanted to avoid losing another. He discussed the problem with Kenneth Longacre, the district manager for Baker. Longacre, in turn, discussed the problem with his supervisor, Ken Biggers. According to testimony at trial, Biggers instructed Longacre to remove the stripper rubber before inserting the liner hangers and to inform the customers that Baker could not insert liner hangers through the stripper rubber without damage.

On July 3, 1984, Hendricks ordered a contract worker to remove the stripper rubber from the San Juan County well so that the worker could insert the liner hangers. Before ordering removal of the stripper rubber, Hendricks did not attempt to use liner hangers manufactured by other companies that would pass through the Baker-manufactured stripper rubber without damaging any of the equipment. With the stripper rubber removed, natural gas escaped from the well, causing a fire. Andrew Brashear, a contract worker employed by Dowell, Inc., was injured by the fire.

*Proceedings.* The Brashears filed an action for negligence against several defendants, including Baker, seeking compensatory and punitive damages. The district court bifurcated the trial, allowing the jury to consider liability first and then damages. The jury found Baker to be sixty-percent liable for the injuries and the trial court entered a judgment against Baker for $21,000 in compensatory damages and $125,000 in punitive damages. Baker appealed only the award of punitive damages and the Court of Appeals affirmed.

■ *Appellant may address in its reply brief an argument raised by the appellee in its answer brief.* In its petition to this Court, Baker raises the question "[w]hether an appellant in its reply brief is entitled to urge rejection of an argument injected into

the appeal by the appellee in [its] answer brief after the appellant filed [its] original brief." In its brief in chief to the Court of Appeals, Baker argued that it should not be held liable for punitive damages based on the conduct of Longacre and Hendricks. In their answer brief, the Brashears conceded that neither Longacre nor Hendricks had sufficient managerial authority to make Baker liable for punitive damages, but they argued that Biggers had directed the removal of the stripper rubber and this act made Baker liable for punitive damages. In its reply brief, Baker argued that there was no evidence that Biggers possessed the necessary corporate authority to hold Baker liable. The Court of Appeals rejected Baker's contention because it believed the issue was raised for the first time in the reply brief and, therefore, not preserved for appeal.

We believe the Court of Appeals incorrectly rejected the argument made by Baker in its reply brief. Rule 12–213(C) of the New Mexico Rules of Appellate Procedure, SCRA 1986, 12–101 to –607 (Repl.Pamp.1992), reads as follows: "The appellant may file a brief in reply to the answer brief. Such brief ... shall be directed only to new arguments or authorities presented in the answer brief." This rule expressly allows the appellant to address in its reply brief arguments not addressed in its brief in chief but asserted in the appellee's answer brief. Further, we agree with the federal appellate courts that have interpreted the equivalent federal rule, see Fed.R.App.P. 28(c), to mean that if "an appellee raises a[n] argument not addressed by the appellant in its opening brief, the appellant may reply." *Bennett v. Tucker,* 827 F.2d 63, 70 n. 2 (7th Cir.1987), *quoted in Pachla v. Saunders Sys., Inc.,* 899 F.2d 496, 502 (6th Cir.1990); *North v. Madison Area Ass'n for Retarded Citizens–Developmental Ctrs. Corp.,* 844 F.2d 401, 405 n. 6 (7th Cir.1988). In this case, when Baker addressed whether there was substantial evidence to support a finding that Biggers was acting with corporate authority, it was not attempting to raise an issue on appeal for the first time; rather it was attempting to rebut

an argument raised by the Brashears in their answer brief. Because the Brashears asserted an argument in their answer brief that was not addressed in Baker's brief in chief, Baker had the right to respond to that argument in its reply brief.

■ *Conclusion.* The long-standing rule in New Mexico is that an employer is liable in punitive damages for the acts of its employee only in cases in which the employer "has authorized, participated in or ratified the acts of the [employee]." *Stewart v. Potter,* 44 N.M. 460, 466, 104 P.2d 736, 740 (1940). If the authorization, participation, or ratification comes from an agent acting in a managerial capacity, the corporation will be held liable in punitive damages, see Restatement (Second) of Torts § 909 (1977); Restatement (Second) of Agency § 217C (1957), because the acts of the managing agent are the acts of the corporation, see *Albuquerque Concrete Coring Co. v. Pan Am World Servs., Inc.,* 118 N.M. 140, 146, 879 P.2d 772, 778 (1994). "Managing agent" is a recognized term of art and is defined as one who has sufficient "discretionary or policy-making authority" such that the agent may speak and act independently of higher corporate authority. *See id.*

The court instructed the jury that "[t]he employer is liable for punitive or exemplary damages only when the employer has in some way authorized, participated in[,] or ratified the acts of the employee." Counsel for Brashears contended in his closing argument that Biggers authorized, ratified, and participated in the wrongful conduct. The Court of Appeals found sufficient evidence to support the determination by the jury that Baker approved of or ratified the conduct of Hendricks. The Brashears presented evidence that Biggers knew there was a problem running the Baker-manufactured liner hangers through the Baker-manufactured stripper rubbers. In response to this problem, Biggers told Longacre and Longacre told Hendricks to pull the stripper rubbers before inserting the liner hangers. Viewing

these facts in a light most favorable to the verdict, *see Tapia v. Panhandle Steel Erectors Co.,* 78 N.M. 86, 89, 428 P.2d 625, 628 (1967), we agree that the Brashears presented sufficient evidence to prove that Biggers authorized, ratified, or participated in the tortious conduct of Hendricks. The question that the Court of Appeals did not address, however, is whether there is substantial evidence from which to infer that Biggers had authority to speak and act on the subject independently of higher corporate authority.

Because the parties have fully briefed the arguments and authorities, and this Court has reviewed the record proper and the stipulated transcript of proceedings, we have debated whether there would be any advantage in fairness or judicial economy to remand to start anew in the Court of Appeals a substantial-evidence review on the managing-agent issue. In deference to SCRA 1986, 12–502(C)(2) (Repl.Pamp.1992), which provides that "only the questions set forth in the petition will be considered by the court," we conclude that the better policy is to remand to the Court of Appeals for resolution of the substantial-evidence issue.

IT IS SO ORDERED.

MONTGOMERY, C.J., and BACA, FRANCHINI and FROST, JJ., concur.