2000 UT 89

**Catherine BROWN, Plaintiff
and Petitioner,**

v.

**Chris GLOVER dba Chick–Fil–A of Fashion Place, and Hahn Property Management Corporation, a California corporation dba Hahn Company, Defendants and Respondents.**

No. 990373.

Supreme Court of Utah.

Nov. 14, 2000.

George T. Waddoups, Nancy A. Mismash, Salt Lake City, for plaintiff.

John R. Lund, Salt Lake City, for defendants.

RUSSON, Associate Chief Justice:

¶1 On writ of certiorari, Catherine Brown seeks review of the Utah Court of Appeals' memorandum decision. Brown argues that the court of appeals erred by denying oral argument and declining to address the trial court's grant of summary judgment in favor of Chris Glover dba Chick–Fil–A of Fashion Place ("Chick–Fil–A") and Hahn Property Management Corporation ("Hahn") (jointly known as "defendants"). Brown also argues that the court of appeals erred in affirming the trial court's denial of Brown's request to stay the summary judgment decision and in ruling that the trial court did not prematurely grant summary judgment in light of Brown's motions to continue trial and vacate the scheduling order.

## BACKGROUND

¶2 Brown alleged that she was injured on January 18, 1994, when she slipped and fell after allegedly stepping on a piece of chicken on a walkway of the Fashion Place mall in Murray, Utah. She claimed that the chicken had been dropped as a result of Chick–Fil–A's alleged negligence in its sample give-away program.

¶3 Brown originally filed her complaint on August 17, 1995, against Chick–Fil–A's parent company in Georgia as well as against Hahn, the property manager for Fashion Place. Brown's complaint and first requests for discovery were served on the Utah agents for these companies on October 23, 1995. On February 6, 1996, Brown amended her original complaint to reflect that Chris Glover [1] dba Chick–Fil–A had been substituted for the parent company, which had been voluntarily dismissed without prejudice.

¶4 On April 3, Brown sent a letter to defendants requesting the names of the Chick–Fil–A manager and the Fashion Place manager so she could serve notice for depositions. Brown also served a copy of her first requests for discovery on Chick–Fil–A on August 26, 1996, and served a second copy on Hahn at that time. Among the interrogatories served on Chick–Fil–A was a request for the names, addresses, and telephone numbers of employees working on the date of the accident. Meanwhile, Brown and Glover were each deposed.

¶5 Brown's attorneys allege that this case was transferred from the original attorney, Waddoups, to another attorney within their office in June 1996 due to health issues within Waddoups's family. However, the attorney who took the case from Waddoups withdrew on December 4, 1996, and was allegedly later disbarred for unrelated reasons. Accordingly, on December 2, Gray entered his appearance for Brown. In addition, Mismash entered her appearance for Brown on March 27, 1997. The original attorney, Waddoups, allegedly returned to the case in April 1997.

¶6 After an October 30 scheduling hearing, the trial court ordered that defendants' witness list be disclosed by February 3, 1997, discovery be completed by March 14, and

---

**1.** Chris Glover was the owner and operator of the Chick–Fil–A franchise restaurant in Fashion Place mall at the time of the accident.

dispositive motions be filed by March 31. A four-day trial was set for June 3.

¶ 7 On December 3, 1996, Brown sent a letter to defendants requesting responses to her discovery requests served on August 26, 1996. Thereafter, defendants filed their witness list on February 13, 1997. Hahn filed answers to Brown's interrogatories on February 24. Chick–Fil–A filed responses to Brown's request for documents on February 24 and answers to Brown's interrogatories on March 24. Chick–Fil–A's February 24 and March 24 answers both included a list of employees scheduled to work on the date of the accident, but no addresses or phone numbers were supplied.

¶ 8 The parties had previously stipulated to extending discovery until April 14, 1997. However, the dispositive motion cut-off date remained March 31. Accordingly, Chick–Fil–A moved for summary judgment on March 31. Thereafter, on April 14, Brown moved to compel discovery, continue the trial, and vacate the scheduling order. In addition, she served twenty-six notices of deposition for individuals and a notice of rule 30(b)(6)[2] deposition for Hahn, all to be deposed the end of May. On April 21, Brown filed her response in opposition to the motion for summary judgment along with a rule 56(f)[3] motion to stay decision of the summary judgment. The rule 56(f) motion included an affidavit providing reasons for the continuance and facts anticipated to be discovered.

¶ 9 The trial court scheduled May 5 to hear all the motions before it. At the hearing, the trial court first heard argument on whether more time should be allowed for discovery and whether the trial should therefore be continued. Brown was represented by Waddoups and Mismash. Gray was not present. Brown's arguments were based on her contentions that (1) defendants had not cooperated in discovery, and (2) Waddoups had another trial set for the scheduled date. The trial court, dissatisfied with Brown's arguments and commenting on the lack of diligence shown in pursuing the case, wanted to hear the summary judgment arguments before ruling.

¶ 10 After argument on the merits of the summary judgment motion, the trial court ruled:

1. Plaintiff's Rule 56(f) Motion to Stay Decision is denied, for the reasons and on the grounds set forth in the record, including that the discovery requested could have been done well before the summary judgment motion was filed, if plaintiff had utilized the available discovery procedures, and that the information sought is not material to grounds for defendants' Motion for Summary Judgment.

2. Defendants' Motion for Summary Judgment is granted for the reasons and on the grounds set forth in the record, including the absence of any meaningful distinction between the claims presented in this case and the claims that were denied as a matter of law in *Schnuphase v. Storehouse Mkts.*, 918 P.2d 476 (Utah 1996), *Long v. Smith Food King Store*, 531 P.2d 360 (Utah 1973), and *Allen v. Federated Dairy Farms, Inc.*, 538 P.2d 175 (Utah 1975).

3. Plaintiff's Motion to Continue Trial and Vacate Scheduling Order is deemed moot by the Court's granting of summary judgment and it is therefore not decided.

4. Judgment is entered in favor of defendants and against plaintiff and plaintiff's action is dismissed with prejudice.

The trial court did not address Brown's motion to compel.

¶ 11 Brown appealed,[4] claiming the following errors: (1) the trial court abused its discretion by denying plaintiff's motion for continuance; (2) the trial court abused its discretion by rendering a decision on defendants' motion for summary judgment in light

---

**2.** Rule 30(b)(6) provides a method for deposing an organization. *See* Utah R.Civ.P. 30(b)(6).

**3.** Rule 56(f) of the Utah Rules of Civil Procedure provides a means to stay decision on a motion for summary judgment to allow a continuance of discovery if deemed necessary.

**4.** Brown appealed to the Utah Supreme Court, which poured the case over to the court of appeals pursuant to section 78–2–2(4). *See* Utah Code Ann. § 78–2–2(4) (1996); Utah R.App.P. 42(a).

of plaintiff's pending discovery motions; (3) the trial court abused its discretion by denying plaintiff's rule 56(f) motion to continue; and (4) the trial court erred in granting summary judgment in a negligence action when plaintiff needed more time for discovery to advance the theory of her case.

¶ 12 Chick–Fil–A responded by arguing that Brown's motions to compel and continue were not properly before the court of appeals for review and further argued that the trial court did not abuse its discretion in denying the rule 56(f) motion. In addition, Chick–Fil–A argued the merits of the summary judgment motion. In her reply brief, Brown responded to Chick–Fil–A's arguments.

¶ 13 The court of appeals declined to hear oral argument and issued a memorandum decision. In its decision, the court stated that because Brown's initial brief did not "substantively examine" the summary judgment issue, the court declined to address the issue. The court then affirmed the trial court's denial of the rule 56(f) motion and the grant of summary judgment in light of the pending discovery motions. Thereafter, Brown petitioned for a writ of certiorari, which we granted.

¶ 14 On certiorari to this court, Brown argues that (1) the court of appeals violated the Utah Rules of Appellate Procedure and the Utah Constitution by denying oral argument; (2) the court of appeals erred in refusing to address the merits of the summary judgment motion because it had been fully briefed between Chick–Fil–A's response and Brown's reply; (3) the trial court erred in granting summary judgment on the basis of *Schnuphase v. Storehouse Markets;* (4) summary judgment was prematurely granted in a negligence case that was not clear-cut; (5) the court of appeals erred in affirming the trial court's denial of Brown's rule 56(f) motion; (6) the court of appeals erroneously interpreted and applied the discovery rules; and (7) Brown's exigent circumstances warranted a continuance.

## SCOPE OF REVIEW

¶ 15 "On certiorari, we review the decision of the court of appeals, not of the

trial court." *Lysenko v. Sawaya,* 2000 UT 58, ¶ 15, 7 P.3d 783. Furthermore, the interpretation of a rule of procedure is a question of law that we review for correctness. *See Ostler v. Buhler,* 1999 UT 99, ¶ 5, 989 P.2d 1073.

## ANALYSIS

### I. DENIAL OF ORAL ARGUMENT

¶ 16 Brown contends that in order to effectively ensure the right of appeal provided by the Utah Constitution, oral argument should be allowed in all cases. She also argues that because the court of appeals did not specifically state its reason for denying oral argument, its denial was not warranted under the rules of appellate procedure and she was thus denied her right of appeal. Chick–Fil–A counters that neither the Utah Constitution nor the Utah Rules of Appellate Procedure require oral argument to guarantee the right of appeal.

¶ 17 The Utah Constitution provides that "there shall be in all cases an appeal of right from the court of original jurisdiction to a court with appellate jurisdiction over the cause." Utah Const. art. VIII, § 5. In addition, the rules of appellate procedure provide:

> In general[,][o]ral argument will be allowed in all cases unless the court concludes:
>
> (1) The appeal is frivolous; or
>
> (2) The dispositive issue or set of issues has been recently authoritatively decided; or
>
> (3) The facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument.

Utah R.App.P. 29(a). Clearly, while an appeal as of right exists, there is no specific right to oral argument under Utah law. In fact, rule 29 specifically states reasons for which an appellate court need not grant oral argument. Furthermore, we confirm the rationale used by the Utah Court of Appeals when it noted in *State v. Palmer,* 786 P.2d 248 (Utah Ct.App.1990), that the right to

appeal "is not denied when appellant files a notice of appeal, has an adequate opportunity to present his arguments to the appellate court with supporting authority, and the issues, arguments, and record are all considered and determined by an impartial panel of judges in accordance with applicable statutes and rules." *Id.* at 249.

¶ 18 In this case, Brown filed a notice of appeal and a docketing statement explaining her issues for review. She presented her arguments with supporting authority to the court of appeals in her initial brief and reply brief. The complete record was before the court of appeals, and the rules of appellate procedure provide that if the court concludes that the "facts and legal arguments are adequately presented in the briefs and record," the court may deny oral argument. Utah R.App.P. 29(a)(3).

¶ 19 There is no requirement for an appellate court to state its reasoning for denying to hear oral argument, though it would have clarified the issue for certiorari if the court had done so here. We hold that the court of appeals did not err in declining to hear oral argument.

## II. REFUSAL TO ADDRESS THE SUMMARY JUDGMENT ISSUE

¶ 20 On certiorari, Brown argues that the court of appeals erred when it refused to address the merits of the trial court's grant of summary judgment and claimed Brown had not adequately briefed the issue in her initial brief. Brown claims that the merits of the summary judgment, in particular, the applicability of *Schnuphase v. Storehouse Markets,* 918 P.2d 476 (Utah 1996), were fully briefed by both parties and properly before the court for review.

¶ 21 The Utah Rules of Appellate Procedure require that an appellant's opening brief include "[a] statement of the issues presented for review," Utah R.App.P. 24(a)(5), and arguments containing the contentions and reasons for each issue presented, *see id.* 24(a)(9). In addition, the reply brief of an appellant "shall be limited to answering any new mat-

ter set forth in the opposing brief." *Id.* 24(c).

¶ 22 The appellee's brief, or opposing brief, must include the same elements as the appellant's brief. *See id.* 24(b). However, an appellee may omit the statement of issues if the appellee is satisfied with the statement provided by the appellant. Nevertheless, the brief of the appellee must contain the contentions and reasons of the appellee with respect to the issues presented in the opposing brief. *See id.* 24(a)(9), (b).

¶ 23 Generally, issues raised by an appellant in the reply brief that were not presented in the opening brief are considered waived and will not be considered by the appellate court. *See Trail Mountain Coal Co. v. Utah Div. of State Lands & Forestry,* 921 P.2d 1365, 1371 n. 11 (Utah 1996); *State v. Brown,* 853 P.2d 851, 854 n. 1 (Utah 1992); 5 Am.Jur.2d *Appellate Review* § 560 (1995); 4 C.J.S. *Appeal and Error* § 619 (1993). This is to prevent the resulting unfairness to the respondent if an argument or issue was first raised in the reply brief and the respondent had no opportunity to respond. *See Brown,* 853 P.2d at 854 n. 1; 5 Am.Jur.2d *Appellate Review* § 560.

¶ 24 However, fairness to the respondent is not a concern if it is the respondent who first raises an issue in the opposing brief. In fact, our appellate rules expressly direct an appellant to "answer[ ] any new matter set forth in the opposing brief." Utah R.App.P. 24(c). Therefore, if an appellant responds in the reply brief to a new issue raised by the appellee in its opposing brief, the issue is not waived. This is also generally the rule with other courts that have considered this issue. *See, e.g., Pachla v. Saunders Sys., Inc.,* 899 F.2d 496, 502 (6th Cir.1990) (holding that issue first raised in appellee's brief and then answered in appellant's reply brief was properly raised for review); *North v. Madison Area Ass'n for Retarded Citizens–Developmental Ctrs. Corp.,* 844 F.2d 401, 405 n. 6 (7th Cir.1988) (holding that arguments first raised in appellant's reply brief were in answer to those raised in appellee's brief, and therefore refusing to strike those arguments); *E.E.O.C.*

*v. Union Bank,* 408 F.2d 867, 868 (9th Cir. 1968) (noting that appellant had option to answer new issue raised in appellee's response brief in reply brief); *Carman v. H.B. Alvord,* 31 Cal.3d 318, 182 Cal.Rptr. 506, 644 P.2d 192, 195 (1982) (ruling on issue raised for first time in responsive brief and then addressed in plaintiff's reply brief); *Oliveira v. Amoco Oil Co.,* 311 Ill.App.3d 886, 244 Ill.Dec. 455, 726 N.E.2d 51, 56 (2000) (refusing to strike arguments of appellant's reply brief that were in response to arguments first raised in appellee's brief); *Rome v. Commonwealth Edison Co.,* 81 Ill.App.3d 776, 36 Ill.Dec. 894, 401 N.E.2d 1032, 1034–35 (1980) (noting that issue first addressed in appellee's brief and then answered by appellant in reply brief was not waived, but would have been if not responded to in reply brief); *City of Wichita v. McDonald's Corp.,* 266 Kan. 708, 971 P.2d 1189, 1200 (1999) (holding that reply brief is appropriate forum to rebut new material raised in appellee's brief); *Brashear v. Baker Packers,* 118 N.M. 581, 883 P.2d 1278, 1280 (1994) (holding that "if 'an appellee raises an argument not addressed by the appellant in its opening brief, the appellant may reply' " (citation omitted)); *Newsome v. North Carolina State Bd. of Elections,* 105 N.C.App. 499, 415 S.E.2d 201, 203–04 (1992) (denying appellees' motion to dismiss appellants' reply brief because new issues addressed in appellants' reply brief were in response to issues raised in appellees' briefs); *The Doctors' Co. v. The Ins. Corp. of Am.,* 864 P.2d 1018, 1028 (Wyo.1993) (holding issue first addressed in appellant's reply brief was not waived because it was in response to argument first presented in appellee's brief); *see also* 5 Am.Jur.2d *Appellate Review* § 559 ("Should the appellee raise an argument in his or her brief that the appellant did not address in his or her opening brief, however, the appellant may reply."); 4 C.J.S. *Appeal and Error* § 619 ("A point, even though not raised in the original brief, may nevertheless be considered when made in the reply brief in answer to respondent's argument."); 2A *Federal Procedure, Lawyer's Edition* § 3:640, at 307–08 (1994)

(stating that "where an appellee raises an argument not addressed by the appellant in its opening brief, the appellant may reply"); 20A James Wm. Moore, *Moore's Federal Practice* § 328.22 (Matthew Bender 3d ed.2000) (stating that "appellant may respond to arguments raised for the first time in the appellee's brief").

¶ 25 In the instant case, when Brown appealed to the court of appeals she did not raise the issue of whether the trial court erred in granting summary judgment based on the merits of the summary judgment motion. Instead, she argued that the trial court erred in granting summary judgment in light of her pending discovery motions and before adequate discovery could take place. Chick–Fil–A responded in its opposing brief by raising the issue that summary judgment was properly granted because its food sampling was not an inherently dangerous activity. Then, in accordance with rule 24(c) of the Utah Rules of Appellate Procedure, Brown answered the new matter that was set forth in Chick–Fil–A's opposing brief. Therefore, the court of appeals should have considered Brown's argument that *Schnuphase* was not applicable but that *Canfield v. Albertsons, Inc.,* 841 P.2d 1224 (Utah Ct.App. 1992), was controlling.

¶ 26 Because on certiorari we do not review the decision of the trial court, but only that of the court of appeals, we remand to the court of appeals to review the trial court's decision to grant summary judgment on the basis of *Schnuphase.*[5]

### III. RULE 56(f) MOTION

¶ 27 Brown argues on certiorari that the court of appeals erred in affirming the trial court's denial of her rule 56(f) motion for a continuance. She contends that her rule 56(f) motion was necessitated by Chick–Fil–A's failure to timely and completely respond to her interrogatories, which she claims frustrated her efforts to investigate her claim and develop her theory of liability. She ar-

5. By addressing whether the trial court erred in granting summary judgment based on *Schnuphase,* the court of appeals will, as a matter of course, address Brown's issue of whether the instant case is appropriate for summary judgment.

gues that her discovery was timely initiated and material to the theory of her case.

¶ 28 Chick–Fil–A counters that the court of appeals correctly affirmed the trial court because (1) Brown had adequate time to complete discovery, and (2) the additional discovery requested by Brown would not have been material to the issues presented by Chick–Fil–A's motion for summary judgment.

¶ 29 Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Utah R.Civ.P. 56(f). We review the grant or denial of a rule 56(f) motion using an abuse of discretion standard. *See Price Dev. Co., L.P. v. Orem City*, 2000 UT 26, ¶ 30, 995 P.2d 1237. However, the trial court should liberally consider rule 56(f) motions "unless they are 'dilatory or lacking merit.'" *Id.* (quoting *Crossland Sav. v. Hatch*, 877 P.2d 1241, 1243 (Utah 1994)); *see also American Towers Owners Ass'n v. C.C.I. Mech., Inc.*, 930 P.2d 1182, 1195 (Utah 1996). An important objective of rule 56(f) is to ensure that a diligent party has been provided adequate opportunity for discovery. *See Price Dev. Co.*, 2000 UT at ¶ 30; 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil* § 2741, at 412 (3d ed.1998). *But see* 17 C.J.S. *Continuances* § 20 (stating that "in no event should a continuance be granted unless there has been compliance with a statute to compel discovery"). Therefore, we must determine whether Brown's motion was "dilatory or lacking merit."

¶ 30 An attorney has a professional responsibility to "act with reasonable diligence and promptness in representing a client." *See* Utah Rules of Professional Conduct Rule 1.3. Therefore, an attorney has a responsibility to use the available discovery procedures to diligently represent her client. The Utah Rules of Civil Procedure provide the means to do this.

¶ 31 Rule 26 provides the general provisions governing discovery, rule 33 governs interrogatories, and rule 37 provides remedies for failure to cooperate in discovery.[6] Rule 26 provides that parties may conduct discovery at any time and in any sequence unless limited by the court. *See* Utah R.Civ.P. 26(b)(1), (d), (f). Under rule 33, a party may serve interrogatories upon any other party at any time after commencement of the action and the answering party has thirty days to respond. *See id.* 33(a). If the responding party objects or fails to respond within the thirty days, the submitting party "may move for an order under Rule 37(a)." *Id.; id.* 37(a)(2). Evasive or incomplete answers are considered to be failures to respond. *See id.* 37(a)(3).

¶ 32 Accordingly, rule 37 provides that if a party fails "to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, ... the court in which the action is pending *on motion* may make such orders in regard to the failure as are just." *Id.* 37(d) (emphasis added). Therefore, the burden is on the discovering party to be diligent in using the available procedures to obtain discovery and to notify the court when a problem in doing so arises.

¶ 33 In the case before us, Brown contends that the answers to her interrogatories were untimely and incomplete. It is true that defendants' discovery responses should have been filed within thirty days but were not. However, the record shows that between August 26, 1996, and April 14, 1997, Brown's counsel wrote only one letter, on December 3, requesting responses to the discovery requests. No other proof of efforts to

---

**6.** Rules 26, 33, and 37, inter alia, of the Utah Rules of Civil Procedure were amended in 1999. Generally, the rules apply to actions pending when they take effect. *See* Utah R.Civ.P. 1(b). However, the 1999 amendments developed a new model for discovery and case management, and therefore, the supreme court order approving them directed that they be applicable only to cases filed on or after November 1, 1999. *See id.* 26, 33, 37 advisory committee notes. As a result, we refer to the 1997 version of rules 26, 33, and 37 in this opinion.

use the available discovery procedures is found in the record.

¶ 34 In addition, among the answers to interrogatories that Hahn filed on February 24 are two names that Brown did not serve with notices of deposition until April 14. Additionally, the employee list requested by Brown was included in Chick–Fil–A's responses on both February 24 and March 24. Brown did not serve any notices of deposition for those names until April 14 or complain of the incompleteness of the list until April 14.

¶ 35 Furthermore, Brown contends that defendants' witness list was not particularized and did not include testimonial summaries. Defendants filed their witness list on February 13. However, Brown did nothing with regard to the witness list for a full two months, until April 14.

¶ 36 Finally, Brown's complaint against Hahn was served on Hahn's Utah agents on October 23, 1995, but Brown did not serve notice for a 30(b)(6) deposition on Hahn until April 14, 1997.

¶ 37 After the initial requests for discovery and one letter of reminder, Brown waited until the very last day of discovery to act in any way on this case. Even after receiving information that Brown found to be incomplete, Brown waited at least two months before taking any action, and that action was taken on the very last day to act. As the trial court noted, its "greatest concern ... [was] the absolute lack of diligence [by Brown's counsel in] getting this case done until after the discovery cutoff." Brown's counsel had a duty to act with reasonable diligence, which they did not do.

¶ 38 Furthermore, Brown sought to discover facts related to the policies, procedures, and methods for Chick–Fil–A's sampling program. She also anticipated discovering facts concerning Hahn's responsibilities for maintaining the mall's common area and any accidents reported since 1990. The trial court granted summary judgment on the basis of *Schnuphase v. Storehouse Markets*, 918 P.2d 476 (Utah 1996), and as a result of that summary judgment, the facts that Brown sought a continuance to discover were not legally relevant.

¶ 39 Accordingly, the court of appeals did not err in holding that the trial court did not abuse its discretion by denying Brown's rule 56(f) motion.

## VI. OUTSTANDING DISCOVERY MOTIONS

¶ 40 The trial court concluded that Brown's motions to continue and vacate the scheduling order were rendered moot by its grant of summary judgment, and therefore, it did not decide those motions. Brown did not contest mootness, so the court of appeals evaluated Brown's arguments that the trial court's grant of summary judgment was erroneously premature since Brown had not completed discovery. We review the court of appeals' decision.

¶ 41 Brown claims on certiorari that her exigent circumstances warranted a continuance pursuant to rule 40(b) of the Utah Rules of Civil Procedure. She claims that the court of appeals erred in failing to find that the following alleged circumstances warranted a continuance: (1) her counsel was forced to withdraw and was subsequently disbarred; (2) her replacement counsel had a trial scheduled for the same day; (3) Chick–Fil–A failed to provide adequate discovery responses; and (4) without adequate discovery responses she was unable to fully investigate her claims. We have addressed the third and fourth issues with the rule 56(f) motion *supra.* Therefore, we address only Brown's claims concerning her counsel's withdrawal and subsequent conflict.

¶ 42 Rule 40(b) provides that a

court may in its discretion, and upon such terms as may be just, ... postpone a trial or proceeding upon good cause shown. If the motion is made upon the ground of the absence of evidence, such motion shall also set forth the materiality of the evidence expected to be obtained and shall show that due diligence has been used to procure it.

Utah R.Civ.P. 40(b).

¶ 43 However, "[t]rial courts have substantial discretion in deciding whether to grant continuances," *Christenson v. Jewkes,* 761 P.2d 1375, 1377 (Utah 1988), and their

decision will not be overturned unless that discretion has been clearly abused, *see State v. Cabututan,* 861 P.2d 408, 413 (Utah 1993). Furthermore, a party is not necessarily entitled to a continuance because counsel is unable to be present on the date set for trial. *See Griffiths v. Hammon,* 560 P.2d 1375, 1376 (Utah 1977); *see also Lundgreen v.. Lundgreen,* 112 Utah 31, 34, 184 P.2d 670, 671–72 (1947) (affirming denial of continuance when attorney in law firm had conflict and claimed no other members of firm could familiarize themselves in adequate time); 17 C.J.S. *Continuances* § 57 (1999) (stating that absence of one of several counsel not grounds for continuance especially where no showing of diligence to acquaint remaining counsel). Nevertheless, an abuse of discretion may be found if a party has "made timely objections, [has] given necessary notice, and has made a reasonable effort to have the trial date changed for good cause." *Id.*

¶ 44 Brown argues that because her counsel was forced to withdraw and replacement counsel had a conflict with the trial date, she was entitled to a continuance. Brown's counsel allege several internal complications within their firm; however, the record shows that one of Brown's attorneys withdrew on December 4, 1996, and Gray entered his appearance for Brown on December 2, 1996. Mismash entered her appearance on March 27, 1997. Waddoups allegedly reentered the case in April 1997 and moved for a continuance on April 14. It was Waddoups who had the conflict.

¶ 45 At the October 30, 1996, scheduling hearing, trial was set for June 3, 1997. When Gray entered his appearance in December of 1996, he should have been aware of that fact. If Gray was not going to be able to represent Brown at the June 3 trial, the trial court should have been notified before April 14.

¶ 46 Waddoups, who allegedly reentered the case in April of 1997, claims he had a conflict. However, Brown is represented by two other lawyers of record. In fact, Brown is represented by a firm of lawyers, and those lawyers have a responsibility to protect the interests of their client. *See* Utah Rules of Professional Responsibility Rules 1.3, 5.1.

In light of this, we affirm the court of appeals' decision that the trial court did not abuse its discretion in considering Chick–Fil–A's motion for summary judgment despite the pending discovery motions.

### CONCLUSION

¶ 47 In view of the above, we affirm the court of appeals in its affirmance of the trial court's decision to (1) deny Brown's rule 56(f) motion and (2) grant summary judgment despite Brown's motion for continuance and motion to vacate the scheduling order. We also affirm the court of appeals in denying oral argument. However, we reverse the court of appeals' refusal to consider Brown's appeal of the grant of summary judgment based on failure to adequately brief the issue. We therefore remand to the court of appeals to address the summary judgment issue pursuant to this opinion, taking in consideration all briefs filed.

¶ 48 Chief Justice HOWE, Justice DURHAM, Justice DURRANT, and Judge SHUMATE concur in Associate Chief Justice RUSSON'S opinion.

¶ 49 Having disqualified himself, Justice WILKINS does not participate herein; District Judge SHUMATE sat.