*This opinion is subject to revision before final publication in the Pacific Reporter*

**2017 UT 38**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

SEAN KENDALL,
*Appellant*,

*v.*

BRETT OLSEN, LT. BRIAN PURVIS, JOSEPH ALLEN EVERETT,
TOM EDMUNDSON, GEORGE S. PREGMAN, and
SALT LAKE CITY CORPORATION,
*Appellees.*

No. 20150927
Filed July 19, 2017

On Direct Appeal

Third District, Salt Lake
The Honorable William Barrett
No. 150900558

Attorneys:

Ross C. Anderson, Marshall Thompson, Salt Lake City, for appellant

Samantha J. Slark, Salt Lake City, for appellees

Sean D. Reyes, Att'y Gen., Philip S. Lott, Joshua D. Davidson, Asst.
Att'ys Gen., Salt Lake City, for amicus curiae

ASSOCIATE CHIEF JUSTICE LEE authored the opinion of the Court, in
which CHIEF JUSTICE DURRANT, JUSTICE DURHAM, JUSTICE HIMONAS,
and JUSTICE PEARCE joined.

ASSOCIATE CHIEF JUSTICE LEE, opinion of the Court:

¶1    Sean Kendall seeks a declaration that Utah Code sections 63G-7-601 and 78B-3-104 violate the Open Courts Clause of the Utah Constitution by restricting access to courts in lawsuits against police officers. The district court dismissed Kendall's claims on summary judgment, concluding that Kendall lacked standing and, alternatively, that his claims failed on their merits. We affirm

without reaching the merits of Kendall's constitutional claim—or even the merits of the district court's standing analysis—because Kendall fails to carry his burden of challenging the district court's standing decision, which was an independent basis for its dismissal.

I

¶2 This case arises out of an unfortunate incident in which a Salt Lake City police officer shot and killed Kendall's dog. Kendall seeks to assert a civil action against the police officer and other government officials for damages related to the death of his dog. And he claims that two statutes impermissibly restrict his access to the courts to bring his claim.

¶3 The two statutes in question erect high barriers to civil suits against police officers. The first, Utah Code section 63G-7-601, requires that any plaintiff seeking to sue a governmental entity "file an undertaking . . . in the amount of $300, unless otherwise ordered by the court." The second, section 78B-3-104, applies only to civil actions against police officers "acting within the scope of the officer's official duties." In such cases this statute requires that the plaintiff "post[] a bond in an amount determined by the court." UTAH CODE § 78B-3-104(1). And it specifies that "[t]he bond shall cover all estimated costs and attorney fees the officer may be expected to incur in defending the action, in the event the officer prevails." *Id.* § 78B-3-104(2).

¶4 Kendall filed a complaint in the district court. He sought a declaratory judgment that the bond and undertaking statutes were invalid under the Open Courts Clause. That provision guarantees a right of access to judicial process:

> All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, which shall be administered without denial or unnecessary delay; and no person shall be barred from prosecuting or defending before any tribunal in this State, by himself or counsel, any civil cause to which he is a party.

UTAH CONST. art. I, § 11.

¶5   After discovery, the district court found that Kendall was "willing and able to post the $300" required by the undertaking statute. It also found that "Kendall [was] impecunious and as a result, he [was] not required" to comply with the bond statute. Based on these findings, the district court concluded that Kendall lacked traditional standing to challenge these statutory provisions. It also held, in the alternative, that the undertaking and bond statutes were constitutional.

¶6   Kendall filed a timely appeal in this court. We then transferred the case to the court of appeals. And in the court of appeals, Salt Lake City moved for summary disposition under rule 10 of the Utah Rules of Appellate Procedure, contending that Kendall lacked standing and thus that the issues identified in Kendall's docketing statement did not "raise any justiciable controversy." Kendall responded by asserting that he had "public interest" standing, contending that the constitutional issues raised by the undertaking and bond statutes were "of sufficient public importance to warrant review." But Kendall's filings failed to address the traditional standing basis for the dismissal of his claims in the district court.

¶7   The court of appeals deferred a ruling on those issues until the decision of the case after full briefing. We later vacated the transfer and recalled the appeal to this court.

II

¶8   The Open Courts Clause guarantees access to court. It requires that "[a]ll courts shall be open," guarantees "due course of law" "without denial or unnecessary delay," and assures that "no person shall be barred from prosecuting or defending" a "civil cause to which he is a party." UTAH CONST. art. I, § 11. Kendall's claims strike at the heart of these provisions. He asserts that Utah Code sections 63G-7-601 and 78B-3-104 erect such substantial barriers to litigation that he is effectively "barred" from prosecuting his claims against the officers who killed his dog. And Kendall cites credible grounds for a constitutional challenge to these provisions.

¶9   Yet we have no occasion to reach the merits of these claims here. The problem is that Kendall has not carried his burden on appeal. He has failed to challenge the district court's standing analysis—an independent basis for the dismissal of the case on

summary judgment. And the lack of such a challenge leaves us with no basis for reversal and thus no choice except to affirm.

¶10 The district court ruled that Kendall lacked traditional standing. It found that Kendall was "willing and able to post the $300" undertaking, and that he was "impecunious and as a result . . . not required to furnish a bond." Because Kendall "can afford the $300 filing fee," and did not need to post a bond, the district court concluded that the undertaking statute would not "deprive [him] of some constitutional right." And on that basis the district court held that Kendall did not "ha[ve] standing to challenge the bond and undertaking statutes."

¶11 This was a square, independent basis for the dismissal of Kendall's claims. Yet Kendall failed to address the standing issue at all in his opening brief on appeal. Kendall's opening brief speaks exclusively to the merits of Kendall's claims, which the district court addressed in the alternative. But there is not a word on standing in the opening brief on appeal, and that is problematic.

¶12 Our rules of appellate procedure place the burden on the appellant to identify and brief any asserted grounds for reversal of the decision below. *See* UTAH R. APP. P. 24(a)(5), (9). And we have accordingly held that an appellant's failure to "challenge a final order of the lower court . . . place[s]" that final order "beyond the reach of further review." *Allen v. Friel*, 2008 UT 56, ¶ 7, 194 P.3d 903. We have further stated, moreover, that "we will not reverse a ruling of the district court that rests on independent alternative grounds where the appellant challenges only one of those grounds." *Gilbert v. Utah State Bar*, 2016 UT 32, ¶ 24, 379 P.3d 1247.

¶13 Kendall does address standing in his reply brief. But that was too late. When an appellant saves an issue for the reply brief, he deprives the appellee of the chance to respond. And that leaves us without a central tenet of our justice system—adversariness. That is fatal. We have consistently held that "issues raised by an appellant in the reply brief that were not presented in the opening brief are considered waived and will not be considered." *Brown v. Glover*, 2000 UT 89, ¶ 23, 16 P.3d 540; *see also State v. Brown*, 853 P.2d 851, 854 n.1 (Utah 1992).

¶14 Kendall also addressed standing in his opposition to the appellees' motion for summary disposition. And we could perhaps consider that briefing as incorporated by reference in the opening brief on appeal. But even accepting that for the sake of argument, it still would not remedy Kendall's briefing problem. The motion for summary disposition expressly challenged Kendall's *traditional* standing, yet Kendall's response completely ignored that question. It spoke only to "alternative" standing. And that left the district court's traditional standing analysis unrefuted—which leaves us without a basis for anything other than an affirmance of the district court's dismissal of Kendall's case.

¶15 We affirm on the basis of Kendall's failure to carry his burden of persuasion on appeal. And we do so without endorsing the merits of the district court's standing analysis or its alternative consideration of the merits.