*This opinion is subject to revision before final
publication in the Pacific Reporter*

**2018 UT 20**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

JODI HOWICK,
*Appellant,*

*v.*

SALT LAKE CITY CORPORATION,
*Appellee.*

No. 20150738
Filed May 25, 2018

On Direct Appeal

Third District, Salt Lake
The Honorable Richard D. McKelvie
No. 090913336

Attorneys:

Erik Strindberg, Salt Lake City, for appellant

W. Mark Gavre, Adam E. Weinacker, Salt Lake City, for appellee

CHIEF JUSTICE DURRANT authored the opinion of the Court, in which
ASSOCIATE CHIEF JUSTICE LEE, JUSTICE HIMONAS,
JUSTICE PEARCE, and JUDGE DIREDA joined.

Due to her retirement, JUSTICE DURHAM did not participate herein;
DISTRICT COURT JUDGE MICHAEL D. DIREDA sat.

JUSTICE PETERSEN became a member of the Court on
November 17, 2017, after oral argument in this matter and
accordingly did not participate.

CHIEF JUSTICE DURRANT, opinion of the Court:

## Introduction

¶ 1   In this case, the district court ruled that Jodi Howick, a municipal employee, had forfeited her merit protection status through contract, waiver, and estoppel. Ms. Howick argues on appeal, along with other claims, that our precedent allowing a contract in conflict with a statute to survive, provided it does not violate public policy, does not extend to contracts involving government employees. This is an important and difficult question, but it is one we cannot reach here. We affirm without reaching the merits of Ms. Howick's claims because she fails to carry her burden of challenging all of the district court's rulings—each of which was an independent basis for summary judgment.

## Background

¶ 2   Jodi Howick was employed by Salt Lake City as an attorney. For the first six years that she worked for the City, she enjoyed merit employee status. In 1998, she accepted a promotion that came with a significant raise, but the City required Ms. Howick to sign a disclaimer stating that "I understand that, if I am appointed by the Salt Lake City Attorney to the 'Appointed Senior City Attorney' position, my employment will be at-will and will be for no fixed length of time." Ms. Howick accepted the position at the beginning of July 1998, but she did not sign the disclaimer until later that month.

¶ 3   When Ms. Howick's employment was terminated in 2007, she attempted to appeal the termination to the City's employee review board, arguing that she was entitled to merit status protections, but was told the board lacked jurisdiction over at-will employees. She then initiated this declaratory action in the district court to determine whether she was a merit or an at-will employee.

¶ 4   The district court concluded that she was a merit employee. The City appealed the district court's ruling to the Utah Court of Appeals, which agreed that she was a merit employee, but held that her merit status was subject to forfeiture through contract, waiver, or estoppel.[1] The court of appeals remanded the case to the district court for factual findings as to whether Ms. Howick had, in fact,

---

[1] *Howick v. Salt Lake City Corp.*, 2013 UT App 218, ¶¶ 29–46, 310 P.3d 1220.

forfeited her merit status.[2] On remand, the district court concluded on summary judgment that "contractually, [she] was an at-will employee at the time of her termination," that she was "equitably estopped from claiming she was a merit employee at the time of her termination," and that she "undoubtedly knew of her rights [as a merit employee] and chose to waive them." Ms. Howick filed a timely appeal.

## Standard of Review

¶ 5 Ms. Howick contends that the district court incorrectly held that she was contractually an at-will employee. But she fails to address the court's ruling that, at the time the City terminated her employment, she was equitably estopped from claiming merit employment. "An appellate court reviews a trial court's 'legal conclusions and ultimate grant or denial of summary judgment' for correctness and views 'the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party.'"[3] But we "will not reverse a ruling of the district court that rests on independent alternative grounds where the appellant challenges only one of those grounds."[4]

## Analysis

¶ 6 The court of appeals held that Ms. Howick was a merit status employee, but concluded that as a merit status employee she could "contract[] away her merit protection."[5] It remanded the case to the district court, instructing it to resolve whether Ms. Howick had forfeited her merit status protections through contract, waiver, or estoppel.[6] Bound by the mandate of the appellate court,[7] the district court held that Ms. Howick had forfeited her merit status

---

[2] *Id.* ¶¶ 1, 44.

[3] *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600 (citations omitted).

[4] *Gilbert v. Utah State Bar*, 2016 UT 32, ¶ 24, 379 P.3d 1247.

[5] *Howick v. Salt Lake City Corp.*, 2013 UT App 218, ¶ 43, 310 P.3d 1220.

[6] *Id.* ¶ 44.

[7] *See Utah Dep't of Transp. v. Ivers*, 2009 UT 56, ¶ 8, 218 P.3d 583 ("The mandate of an appellate court binds the district court and the parties and affords the district court no discretion whether to comply with that mandate.").

protections through contract, waiver, *and* estoppel. Ms. Howick argues that both the court of appeals and the district court incorrectly determined that the disclaimer she signed in July 1998 met the elements of contract. Only the final judgment of the district court is currently before us on appeal.[8] Although Ms. Howick raises some important questions concerning the court of appeals' decision, because Ms. Howick has failed to challenge all grounds for the district court's ruling, we do not reach the merits of her arguments and affirm the ruling of the district court.

## I. Ms. Howick's Arguments

¶ 7 The court of appeals held that Ms. Howick was a merit status employee, but that "the Merit Protection Statute did not prohibit [her] from contracting away her merit protection."[9] In reaching this holding, the court relied on *Ockey v. Lehmer*,[10] first for general contract principles and then for our two-factor test to determine whether a contract was against public policy.[11] In *Ockey*, we noted that "[p]eople are generally free to bind themselves pursuant to any contract, barring such things as illegality of subject matter or legal incapacity."[12] And we held that "[f]or a contract to be void on the basis of public policy, 'there must be a showing free from doubt that the contract is against public policy.'"[13] In order to determine whether a contract is against public policy, the *Ockey* court considered two factors: whether a statute declared such a

---

[8] Ms. Howick argues on appeal that we should revisit the court of appeals' legal conclusions in *Howick*, 2013 UT App 218. Under our law of the case precedent, a legal holding in a previous appeal is typically binding in subsequent stages of the litigation. This would be an issue of first impression—whether under our law of the case precedent we can review a court of appeals' opinion from earlier stages of litigation that is not before us for certiorari review. But because Ms. Howick has failed to challenge all independent grounds for reversal in the district court's ruling, we will not address this question here.

[9] *Howick v. Salt Lake City Corp.*, 2013 UT App 218, ¶ 43, 310 P.3d 1220.

[10] 2008 UT 37, 189 P.3d 51.

[11] *Howick*, 2013 UT App 218, ¶ 34.

[12] *Ockey*, 2008 UT 37, ¶ 21 n.12 (citation omitted).

[13] *Id.* ¶ 21 (citation omitted).

contract "absolutely void as against public policy"[14] and whether "the contract harmed the public as a whole—not just an individual."[15]

¶ 8 In the case now before us, the court of appeals held that "neither *Ockey* factor is satisfied here"—in other words, "[t]he Merit Protection Statute does not specifically declare contrary contracts to be void, nor does this case present a showing free from doubt that the contract offends public policy."[16] More specifically, the court concluded that Ms. Howick had the burden of "ma[king] 'a showing free from doubt that the contract is against public policy,'" but failed to carry it.[17] So the court concluded that the City's contract with Ms. Howick was not void and that "the Merit Protection Statute does not foreclose" contract, waiver, or estoppel defenses.[18] Ms. Howick claims this was error.

¶ 9 Specifically, she asserts that the court of appeals incorrectly relied on *Ockey* because "*Ockey* does not address the contracts involving government employees or contracts that contravene the plain language of the statute." She also claims that the court of appeals' reliance on *Ockey* in this case was misplaced because the "statute [that] governed the relationship between the City and Ms. Howick . . . specifically granted her and other staff attorneys merit protection . . . and could not be circumvented." This second assertion suggests the Ms. Howick believes that the Merit Protection Statute preempts any finding of waiver in caselaw.

¶ 10 We have generally recognized that "an enforceable contract can coexist with a statute that may conflict with its terms so long as the contract does not offend the public policy to which the statute gives voice."[19] But we have not addressed whether a government agency may contract with an employee in violation of statutory requirements put in place for that employee's protection. And we have not addressed who bears the burden of making "a showing free

---

[14] *Id.* ¶ 24.

[15] *Id.* ¶ 23.

[16] *Howick*, 2013 UT App 218, ¶ 43.

[17] *Id.* ¶ 42 (citation omitted).

[18] *Id.* ¶ 44.

[19] *Lee v. Thorpe*, 2006 UT 66, ¶ 22, 147 P.3d 443.

from doubt that the contract is against public policy."[20] It could certainly be argued that in a case such as this one an employee should not be required to make such a showing. Furthermore, we have not addressed whether defenses such as waiver and estoppel are available to parties who have contracted in violation of a statute, nor have we addressed whether the Merit Protection Statute preempts the possibility of individual waiver. These are difficult and important questions. But we do not reach them today because Ms. Howick failed to challenge all of the district court's rulings on appeal.

## II. Ms. Howick Failed to Challenge All of the District Court's Independent Grounds for Reversal

¶ 11 "Our rules of appellate procedure place the burden on the appellant to identify and brief any asserted grounds for reversal of the decision below."[21] "[A]n appellant's failure to 'challenge a final order of the lower court . . . place[s]' that final order 'beyond the reach of further review.'"[22] This court "will not reverse a ruling of the district court that rests on independent alternative grounds where the appellant challenges only one of those grounds."[23]

¶ 12 The court of appeals remanded Ms. Howick's case to the district court to determine whether she had forfeited her merit protection status through "contract, waiver, or estoppel."[24] The district court followed the court of appeals' mandate and held that Ms. Howick had forfeited her merit protection status through contract, waiver, *and* estoppel. It accordingly concluded that "Ms. Howick was an at-will employee at the time of her termination."

¶ 13 In her opening brief on appeal, Ms. Howick contends that "the Disclaimer did not make Ms. Howick an at-will employee and is not enforceable." And although she argues that "[s]uch a contract is a necessary under pinning [sic] for all three of the City's defenses," she does not further address the district court's holding of estoppel

---

[20] *See Ockey*, 2008 UT 37, ¶ 21 (citation omitted).

[21] *Kendall v. Olsen*, 2017 UT 38, ¶ 12, --- P.3d ---.

[22] *Id.* (second and third alterations in original) (citation omitted).

[23] *Gilbert v. Utah State Bar*, 2016 UT 32, ¶ 24, 379 P.3d 1247.

[24] *Howick v. Salt Lake City Corp.*, 2013 UT App 218, ¶ 45, 310 P.3d 1220.

and only touches on the district court's ruling of waiver.[25] Instead, she makes three arguments that sound in contract: that the disclaimer was not supported by consideration; that the creation of an at-will position would have violated then-existing law; and that "the City never placed Ms. Howick in an at-will position," but rather the promotion she accepted was a merit position. Each of these arguments speaks to the district court's holding that Ms. Howick was "contractually" an at-will employee, but none address the district court's ruling on estoppel.

¶ 14 Although equitable estoppel can be a defense to a contract claim, it requires proof of three elements unrelated to the elements of contract: (1) "a statement, admission, act, or failure to act by one party inconsistent with a claim later asserted"; (2) "reasonable action or inaction by the other party taken or not taken on the basis of the first party's statement, admission, act or failure to act"; and (3) "injury to the second party that would result from allowing the first party to contradict or repudiate such statement, admission, act, or failure to act."[26] In her opening brief, Ms. Howick does not challenge the district court's finding that she is equitably estopped from claiming merit status. In her reply brief, she argues that "the Disclaimer's text shows that Ms. Howick did not represent anything to the City, and the City cannot show it relied on the Disclaimer since it had already promoted Ms. Howick and given her a raise." But this argument comes too late. "We have consistently held that 'issues raised by an appellant in the reply brief that were not presented in the opening brief are considered waived and will not be considered.'"[27]

**Conclusion**

¶ 15 It is possible that Ms. Howick is correct—*Ockey* may not extend to contracts with government employees or to contracts in direct violation of a statute, or that the Merit Protection Statute preempts the possibility of individual waiver of its terms. But

---

[25] We note that Ms. Howick does not argue whether she waived her merit protection status. She only argues that the disclaimer she signed does not constitute a contract and requires us to infer that she accordingly did not waive her rights.

[26] *Youngblood v. Auto-Owners Ins. Co.*, 2007 UT 28, ¶ 14, 158 P.3d 1088 (citation omitted).

[27] *Kendall*, 2017 UT 38, ¶ 13 (citation omitted).

because she failed to challenge the district court's ruling that she was equitably estopped from claiming merit status, we must affirm.

———————