STATE OF UTAH,
*Respondent,*

*v.*

ZACHARY RIGBY,
*Petitioner.*

Case No. 20160261

ORDER

On July 06, 2016, we granted Zachary Rigby's petition for certiorari. After briefing and oral argument, it became apparent that the district court had entered two separate orders denying Mr. Rigby's motion to suppress in this case. The first order was submitted on November 8, 2013 and signed on December 23, 2013 (the December 23 order). This order rested on only one ground for denial—that the search was proper under the automobile exception. The second order was submitted on November 26, 2013, signed on December 5, 2013, and entered into the docketing system on December 10, 2013 (the December 10 order). Unlike the December 23 order, however, this order rested on two independent grounds for denial—that the search was proper under the automobile exception *and* as a search incident to arrest. Both orders appeared operative, as neither had been stricken below.

Accordingly, on December 21, 2017, we temporarily remanded this case to the district court to clarify which order was properly before us. On April 13, 2018, the district court issued a decision clarifying that the December 10 order was the operative order and striking the December 23 order.

Because it is now clear the December 10 order is the operative order, and that order contains an additional ground for denial (a search incident to arrest), there exists a separate, independent ground for affirming the district court's denial of the motion to suppress. Mr. Rigby has not challenged this ground in his petition for certiorari or in his briefs before us. We have repeatedly held that failure to challenge one of the district court's independent grounds "leaves us with no basis for reversal and thus no choice except to affirm." *Kendall v. Olsen*, 2017 UT 38, ¶ 9, --- P.3d ---; *see also Gilbert v. Utah State Bar*, 2016 UT 32, ¶ 24, 379 P.3d 1247 ("[W]e will not reverse a ruling of the district court that rests on independent alternative grounds where the appellant challenges only

one of those grounds."). Given the clarity of the law on this matter, rendering an opinion in this case would yield little, if any, precedential value. Accordingly, we conclude that we have improvidently granted Mr. Rigby's petition.

IT IS HEREBY ORDERED that the petition for certiorari to the Utah Court of Appeals is dismissed.

FOR THE COURT on this

15th day of ___June___, 2018:

Matthew B. Durrant
Chief Justice

# CERTIFICATE OF MAILING

I hereby certify that on June 18, 2018, a true and correct copy of the foregoing ORDER was sent by electronic mail to be delivered to:

JEFFREY S. GRAY
jgray@agutah.gov

BRANDON JOHN SMITH
bsmith@bslawoffice.com

HONORABLE KEVIN K. ALLEN
FIRST DISTRICT, LOGAN DEPT
logancrim@utcourts.gov

FIRST DISTRICT, LOGAN DEPT
ATTN: CHRIS JEPPESEN
logancrim@utcourts.gov

LISA COLLINS
COURT OF APPEALS
courtofappeals@utcourts.gov

By _____
Susan Willis
Judicial Services Manager

Case No. 20160261-SC
FIRST DISTRICT, LOGAN DEPT, 135100370
Court of Appeals Case No. 20140553-CA