2012 UT 70

### Sabrina RAHOFY, Plaintiff and Respondent,

v.

### Lynn STEADMAN, an individual, and Steadman Land & Livestock, LLC, Defendants and Petitioners.

No. 20110011.

Supreme Court of Utah.

Oct. 5, 2012.

Thomas W. Seiler, Jamis M. Gardner, Jacob W. Dowse, Provo, for plaintiff.

Lowell V. Smith, Trent D. Holgate, Sandy, for defendants.

Associate Chief Justice NEHRING, opinion of the Court:

## INTRODUCTION

¶ 1 Sabrina Rahofy sued Lynn Steadman and Steadman Land & Livestock, LLC (Defendants) for injuries sustained in an automobile accident. Defendants mailed Ms. Rahofy a letter asking for her authorization to permit the release of her medical and employment records for the last twenty years. She declined. The district court granted a motion to compel her to sign the authorizations. On an interlocutory appeal, the court of appeals reversed and remanded the district court's order granting the motion to compel.[1] We affirm the court of appeals' decision.

## BACKGROUND

¶ 2 On August 7, 2005, Ms. Rahofy and Mr. Steadman were involved in an automobile accident near Cedar City, Utah. At the time of the collision, Mr. Steadman was conducting business as an agent of Steadman Land & Livestock, LLC. Ms. Rahofy, an Illinois resident, was traveling to California to begin a new job. Ms. Rahofy filed suit against Defendants for injuries sustained in the accident, "including, but not limited to, injury to her right shoulder, left knee, left ankle, right ankle, right foot and injury to her upper and lower back and neck." She sought damages for medical expenses, lost wages, future lost income, and loss of future earning capacity.

¶ 3 Ms. Rahofy filed initial disclosures, which included the names and addresses of several health care providers who had treated her following the accident. Defendants

---

1. *Rahofy v. Steadman*, 2010 UT App 350, ¶ 1, 245 P.3d 201.

then served interrogatories and requests for production of documents. Among other things, the interrogatories asked Ms. Rahofy to provide Defendants with the following information:

14. State the name and address of each medical care provider ... who has examined you or treated you during the past 20 years and state the dates of treatment, the conditions or complaints that led to treatment, and the results of such treatment or examinations.

15. With regard to all employment or businesses that you have worked for in the past 20 years, please state the name and address of each employer, the date of commencement and termination, the place of employment, the nature of the duties performed, the name and address of each supervisor, the rate of pay received and the reasons for termination.

The requests for production of documents asked Ms. Rahofy to provide the following documents:

8. Each and every medical report, medical record, hospital report, or other document which relates to the injuries and symptoms, whether physical, mental, or emotional, experienced since the [collision] and claimed to have been caused, aggravated, or otherwise contributed to by it.

9. Each and every report of any diagnostic study, test or procedure performed since the accident.

. . . .

11. Each and every medical report, medical record, hospital record, hospital report, or other document which relates to any pre-existing condition which you allege was aggravated by the accident.

. . . .

14. Each and every record ... which purports to show all or any portion of the income received by you for the five years

immediately preceding the accident to the present time.

. . . .

20. Please produce each and every document identified in your answers to interrogatories served simultaneously with these requests.

Ms. Rahofy's answers to the interrogatories included information about each of her health care providers and former employers from the past twenty years but listed an incomplete address for one of the doctors and incomplete addresses for twelve of her fifty employers. Her answers to the requests for production of documents provided all of the requested records available to her.[2]

¶ 4 Defendants subsequently sent a letter to Ms. Rahofy requesting complete addresses for the doctors and employers for whom incomplete information was provided. The letter also asked Ms. Rahofy to sign authorizations allowing Defendants to directly obtain *all* of her medical and employment records from the past twenty years. Ms. Rahofy provided the requested addresses that were available to her,[3] but did not sign the authorizations to release her medical and employment records. Defendants sent a second letter requesting that Ms. Rahofy sign the authorizations for release of her medical and employment records. Ms. Rahofy did not sign them.

¶ 5 Defendants then filed a motion to compel Ms. Rahofy to sign the authorizations. After a hearing on the motion, the district court ordered Ms. Rahofy to (1) sign the releases for her employment records and (2) provide the court and Defendants with a list of every medical record ever generated on her behalf, indicating which records she thought should be privileged. According to the order, Ms. Rahofy was required to either disclose the records that she did not claim were privileged or sign authorizations for release of those records. Defendants were

---

2. For many of the requests for production of documents, including those asking for medical documents related to the alleged injuries, Ms. Rahofy referred Defendants to her initial disclosures. In response to Request for Production of Documents 14, Ms. Rahofy attached records showing her income during the five years preced-

ing the accident but noted that her returns for 2000 and 2001 were not available.

3. Ms. Rahofy informed Defendants that she was unable to find a current or past address for Dr. Cecil Brown but she believed his office was located on Lagrange Road in Brookfield, Illinois.

also permitted to object to Ms. Rahofy's designation of records that should be privileged. The court indicated it would review the disputed records in camera and determine whether they would be disclosed to Defendants. The court of appeals granted Ms. Rahofy's petition for permission to appeal an interlocutory order. The court of appeals held that Defendants did not properly request the documents according to the procedural requirements of rule 34 of the Utah Rules of Civil Procedure:

> First, Defendants did not establish, or even attempt to establish, before the district court that they served [Ms.] Rahofy with a document request in compliance with the rule. On appeal, Defendants suggest that the letters were properly served, but no record cite or legal authority was presented to establish this claim. Second, Defendants did not describe the items requested "with reasonable particularity," but instead broadly requested every document contained in [Ms.] Rahofy's medical and employment records. Finally, Defendants did not even attempt to establish before the district court that the documents being requested were in [Ms.] Rahofy's "possession, custody or control." In fact, Defendants have consistently acknowledged, and the district court likewise acknowledged in its order, that some of these documents were not in Ms. Rahofy's possession but in the possession of people or entities located outside of Utah.[4]

Accordingly, the court of appeals determined that the district court abused its discretion when it compelled Ms. Rahofy to sign the authorizations.[5] The court of appeals also suggested that records in the possession of out-of-state third parties could be obtained using subpoenas.[6]

¶ 6 Defendants petitioned this court for certiorari. We have jurisdiction pursuant to Utah Code section 78A–3–102(3)(a). After we granted certiorari, Defendants moved to supplement the record to include the first set of interrogatories and the first set of requests for production of documents. We deferred consideration of the motion until plenary presentation on the merits.

## ISSUES AND STANDARD OF REVIEW

¶ 7 Defendants contend that the court of appeals erred in three respects. First, Defendants argue that the court of appeals misstated or misconstrued the factual background in the course of its evaluation of the issues on appeal. Second, Defendants argue that the court of appeals erred when it reversed the district court's order compelling Ms. Rahofy to sign the authorizations. Third, Defendants argue that the court of appeals erred when it prescribed procedures for obtaining records from out-of-state third parties. In reviewing a district court's decision to grant or deny a motion to compel discovery, the court of appeals applies an abuse of discretion standard.[7] On certiorari, we review decisions of the court of appeals for correctness.[8]

## ANALYSIS

¶ 8 We affirm the court of appeals' decision on each of the issues presented. First, we confirm the court of appeals correctly stated that Defendants used letters to request all of Ms. Rahofy's medical and employment records from the past twenty years, and that Defendants did not establish that these letters were proper requests pursuant to rule 34. Second, we affirm the court of appeals' reversal of the district court's order compelling Ms. Rahofy to sign the authorizations. Third, we affirm the court of appeals' determination that the subpoena process may be used to obtain records from out-of-state third parties.

## I. THE COURT OF APPEALS DID NOT MISSTATE OR MISCONSTRUE THE FACTUAL BACKGROUND IN EVALUATING THE ISSUES ON APPEAL

¶ 9 The court of appeals stated that Defendants "requested Ms. Rahofy's medical and

---

4. *Rahofy*, 2010 UT App 350, ¶ 10, 245 P.3d 201 (citations omitted).

5. *Id.*

6. *Id.* ¶ 12.

7. *See Cannon v. Salt Lake Reg'l Med. Ctr., Inc.*, 2005 UT App 352, ¶ 7, 121 P.3d 74.

8. *Magana v. Dave Roth Constr.*, 2009 UT 45, ¶ 19, 215 P.3d 143.

employment records through letters" and "did not establish before the district court that the letters in which they requested the authorizations be signed were valid requests for documents under rule 34 of the Utah Rules of Civil Procedure."[9] Defendants argue that they requested the documents pursuant to the discovery rules and that the court of appeals incorrectly construed the facts in evaluating this issue. We affirm the court of appeals. We also grant the Defendants' motion to supplement the record, but conclude the added documents do nothing to change the outcome of the case.

¶ 10 The text of rule 34 that governed the production of documents at all times relevant to this case stated:

> Any party may serve on any other party a request ... to produce and permit the party making the request ... to inspect, copy, test or sample any designated discoverable documents ... in the possession, custody or control of the party upon whom the request is served.... The request shall set forth the items to be inspected either by individual item or by category, and describe each item and category with reasonable particularity.... The party upon whom the request is served shall serve a written response within 30 days after the service of the request.... The party submitting the request may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested.[10]

¶ 11 Defendants attempted to access all of Ms. Rahofy's medical and employment records from the past twenty years by sending letters asking her to sign authorizations

to release the documents. Nothing in the record demonstrates that Defendants served the letters pursuant to the requirements of rule 34. Because a request for production of documents must be *served*, sending a letter does not fulfill the procedural requirements of rule 34. Though the record contains certificates of service for Defendants' first set of interrogatories and first set of requests for production of documents, it does not include certificates of service for the letters. The court of appeals also observed that Defendants were unable to provide any citation to the record or any legal authority to show that the letters were properly served.[11] Thus, the court of appeals correctly determined that Defendants did not establish that they complied with rule 34 in asking Ms. Rahofy to sign the authorizations.

¶ 12 Furthermore, Ms. Rahofy was free to voluntarily sign the authorizations after she received the informal letters; however, the Utah Rules of Civil Procedure did not oblige her to do so. The rules only required that Ms. Rahofy respond to the formally served interrogatories and requests for production of documents.[12]

¶ 13 Although the first set of interrogatories and first set of requests for production of documents were not part of the record below, on appeal to this court, Defendants moved to supplement the record with those materials. Defendants contend that those interrogatories and requests for production of documents asked for all of Ms. Rahofy's medical and employment records from the past twenty years. Thus, Defendants suggest that they had properly served requests for the records prior to sending the letters

---

9. *Rahofy v. Steadman*, 2010 UT App 350, ¶ 10, 245 P.3d 201.

10. Utah R. Civ. P. 34(a)(1), (b)(2) (2007).

11. *Rahofy*, 2010 UT App 350, ¶ 10, 245 P.3d 201.

12. Utah R. Civ. P. 33(b)(3) (2007) ("The party upon whom the interrogatories have been served shall serve a copy of the answers and objections, if any, within 30 days after the service of the interrogatories."); *id.* 34(b)(2) ("The party upon whom the request is served shall serve a written response within 30 days after the service of the request."); *id.* 37(a)(2)(B) (stating that a party may move to compel answers or compel inspec-

tion of documents if the other party does not properly respond to interrogatories or requests for production of documents). We cite to those versions of the rules that were in effect when Defendants filed the motion to compel. *See supra* ¶ 10 n. 10. Although rules 33 and 34 were amended to require responses within 28 days, those amendments do not impact the present case. Likewise, the legislature made other stylistic changes to rules 33, 34, and 37. Except for the legislature's omission of the word "custody" from the amended version of rule 34, the amendments have no substantive effect on our analysis.

asking Ms. Rahofy to sign the authorizations. Defendants are incorrect. None of the requests for production of documents asked Ms. Rahofy to provide *all* of her employment and medical records from the past twenty years. Rather, they requested employment records showing her income during the five years preceding the accident and medical records related to Ms. Rahofy's injuries and the medical care she had received since the accident. Moreover, Interrogatories 14 and 15 requested names and addresses of Ms. Rahofy's health care providers and employers but did not refer to medical or employment records. Thus, Request for Production of Documents 20, which requested every document identified in the interrogatories, did not require Ms. Rahofy to provide all of her medical and employment records from the past twenty years because those documents were not identified in the interrogatories.

¶ 14 In their brief, Defendants argue that the interrogatories and requests for production of documents sought "the identity of, and the production of, documents related to [Ms. Rahofy's] prior health care and employment." Defendants thus suggest that the interrogatories and requests for production of documents did in fact ask Ms. Rahofy to provide all of her medical and employment records from the past twenty years. However, during oral argument, Defendants were unable to identify any interrogatories or requests for production of documents that specifically asked for all those records. Defendants acknowledged that they may have only requested medical *information* from the past twenty years, not specific documents.

¶ 15 Our review of the record compels us to conclude that Defendants' statement during oral argument was correct—the interrogatories and requests for production of documents asked for information about Ms. Rahofy's past health care providers and employers but did not specifically request the medical and employment documents themselves. The record indicates that Defendants only requested those documents by letter, and Defendants never established

that the letters were served pursuant to rule 34. Defendants thus did not comply with the procedural requirements of rule 34. The court of appeals did not misstate or misconstrue the factual background in evaluating the issues on appeal.

## II. THE COURT OF APPEALS DID NOT ERR WHEN IT REVERSED THE DISTRICT COURT'S ORDER COMPELLING AUTHORIZATIONS

¶ 16 After concluding that Defendants had not formally requested the medical and employment records according to the procedural requirements of rule 34, the court of appeals determined that the district court abused its discretion when it compelled Ms. Rahofy to sign the authorizations under rule 37.[13] The court of appeals therefore reversed the district court's order.[14] Defendants contend that the district court properly granted the motion to compel discovery and that the court of appeals erred when it reversed the order. We affirm the court of appeals' determination that the district court abused its discretion when it issued the order compelling Ms. Rahofy to sign the authorizations.

¶ 17 The version of rule 37(a)(2)(B) that was in force during this case states:

> If ... a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond ..., the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request.[15]

Thus, a motion to compel may be granted under rule 37 if a party fails to respond to a properly served interrogatory or request for production of documents. As discussed above, we agree with the court of appeals' determination that Defendants never established that they properly served the letters asking Ms. Rahofy to sign the authorizations. The letters were not "request[s] for

---

13. *Rahofy v. Steadman,* 2010 UT App 350, ¶ 10, 245 P.3d 201.

14. *Id.* ¶ 14.

15. Utah R. Civ. P. 37(a)(2)(B) (2007).

inspection submitted under Rule 34"[16] because they were not served in accordance with the procedural requirements of rule 34. Therefore, by not signing the authorizations, Ms. Rahofy did not fail to respond to a properly served request for production of documents. Compelling Ms. Rahofy to sign the informally requested authorizations was thus inconsistent with the Utah Rules of Civil Procedure, and the district court abused its discretion by granting the motion.

¶ 18 Moreover, Ms. Rahofy properly responded to those interrogatories and requests for production of documents that were served in accordance with rules 33 and 34. The properly served interrogatories and requests for production of documents did not ask for *all* of Ms. Rahofy's employment and medical records from the past twenty years. The requests asked only for employment documents related to her income during the five years preceding the accident and medical documents related to her injuries and the medical care she had received since the accident. Although she initially provided incomplete answers to some of the interrogatories, Ms. Rahofy eventually provided all the information and documents that Defendants properly requested. Thus, Ms. Rahofy appropriately responded to the properly served interrogatories and requests for production of documents, and rule 37 did not apply to her actions.

¶ 19 Arguing that rule 37 permitted the district court to grant the motion to compel, Defendants cite *Hales v. Oldroyd.*[17] The present case is factually similar to *Hales.* The cases, however, share no legal issues. In *Hales,* the defendants sent informal letters to the plaintiff asking her to authorize the release of her out-of-state medical records.[18] She did not respond.[19] The defendants then filed a motion to compel her to sign the medical release forms, and the trial court granted the motion.[20] The court of appeals affirmed because the plaintiff "did not raise any objection to discovery before the trial court," and therefore waived her right to argue that the motion to compel was improperly granted.[21] In contrast to *Hales,* no waiver occurred here. Ms. Rahofy objected to Defendants' motion to compel during the district court proceedings. *Hales* therefore does not impact the outcome in this case.

¶ 20 In short, Defendants never formally requested that Ms. Rahofy sign the authorizations, and her refusal to sign them was not a failure to respond to a request properly submitted under rule 33 or 34. Thus, we conclude that rule 37 did not allow Defendants to "move for . . . an order compelling inspection in accordance with the request"[22] and did not permit the district court to compel Ms. Rahofy to sign the authorizations. The court of appeals correctly concluded that the district court abused its discretion when it granted the motion to compel.

## III. THE COURT OF APPEALS DID NOT ERR WHEN IT RECOMMENDED PROCEDURES FOR OBTAINING RECORDS FROM OUT-OF-STATE THIRD PARTIES

¶ 21 Finally, Defendants contend that the court of appeals erred when it prescribed the subpoena procedure as the appropriate procedure for obtaining records from out-of-state third parties. According to former rule 34(a)(1), when records are sought using a request for production of documents, those records must be "in the possession, custody or control of the party upon whom the request is served."[23] The court of appeals suggested that both the district court and the Defendants acknowledged that some of the records are not in Ms. Rahofy's possession.[24] However, the question of whether Ms. Raho-

---

16. *See id.*

17. 2000 UT App 75, 999 P.2d 588.

18. *Id.* ¶ 4.

19. *Id.* ¶¶ 5–6.

20. *Id.* ¶¶ 6–7.

21. *Id.* ¶¶ 24–25, 32.

22. *See* Utah R. Civ. P. 37(a)(2)(B) (2007).

23. Utah R. Civ. P. 34(a)(1) (2007). In the 2011 amendment, the word "custody" was omitted.

24. *Rahofy v. Steadman,* 2010 UT App 350, ¶ 10, 245 P.3d 201.

fy has possession or control of the medical and employment records is ultimately a question of fact that has not yet been answered by the district court or briefed in front of this court. We decline to rule on whether Ms. Rahofy has possession, custody, or control of all of her medical and employment records from the past twenty years.

¶ 22 Upon remand, however, if the district court determines that the records are not within Ms. Rahofy's possession, custody, or control, then the records may not be requested under rule 34. Instead, Defendants must subpoena the documents from the third parties according to the procedures outlined in rule 45 of the Utah Rules of Civil Procedure.[25] If the documents are located in another state, Defendants may subpoena them according to the rules of that state. The court of appeals carefully, and correctly, explained the procedures for doing so in Virginia, Illinois, and Hawaii, the three states in which Defendants claim documents are located.[26] The court of appeals correctly prescribed these procedures as possible means for accessing Ms. Rahofy's relevant medical and employment records.

¶ 23 Defendants argue that subpoenaing records from out-of-state third parties would be complicated and expensive. Of course, the method they prefer is also complicated and expensive—for Ms. Rahofy. Subpoenaing depositions and documents from out-of-state parties is common practice and a cost of litigation. As the court of appeals noted, if the district court determines that the records are not in Ms. Rahofy's possession or control, Defendants "will need to weigh the need for the information against the time and expense of obtaining it."[27] Parties are certainly encouraged to engage in informal discovery procedures that facilitate open exchange of relevant information. However, when parties are unwilling or unable to cooperate, they must follow the formal procedures described in the Utah Rules of Civil Procedure.

## CONCLUSION

¶ 24 We hold that the court of appeals did not misstate or misconstrue the factual background of this case. The record indicates that Defendants requested all of Ms. Rahofy's medical and employment records from the past twenty years by sending letters. Defendants have not established that the letters were served in accordance with the procedural requirements of rule 34. Next, we hold that the court of appeals did not err when it reversed the district court's order compelling Ms. Rahofy to sign the authorizations. Because Defendants did not comply with the procedural requirements of rule 34, the district court abused its discretion by compelling Ms. Rahofy to sign the authorizations under rule 37. Finally, we hold that the court of appeals did not err when it suggested that Defendants may use the subpoena process to obtain records from out-of-state third parties. If the records are not in Ms. Rahofy's possession or control, Defendants must determine whether they wish to subpoena the documents pursuant to the subpoena rules of the appropriate state. We affirm the court of appeals' decision and return the case to the district court.

Associate Chief Justice NEHRING authored the opinion of the Court, in which Chief Justice DURRANT, Justice DURHAM, Justice PARRISH, and Justice LEE joined.

---

25. *See* UTAH R. CIV. P. 45(a)(1)(C)(iii), (c)(2).

26. *Rahofy,* 2010 UT App 350, ¶ 12 n. 11, 245 P.3d 201.

27. *Id.*